UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARVINDER S. PUJJI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-445 NAB |
| ) | |
| PETE BUTTIGIEG, United States ) | |
| Secretary of Transportation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Harvinder S. Pujji for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice plaintiff's motion to appoint counsel.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this employment discrimination lawsuit against the United States Secretary of the Department of Transportation, who is now Pete Buttigieg. Based upon the allegations in the complaint, it appears plaintiff was previously employed by the Department of Transportation, Federal Aviation Administration ("FAA"), and performed his work duties in the St. Louis area.

Plaintiff prepared the complaint using an employment discrimination complaint form. He placed check marks to indicate an intent to assert claims based upon Title VII of the Civil Rights

Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin; the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.*, for employment discrimination on the basis of age; and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.

    Plaintiff alleges he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") to complain about the same discriminatory conduct based upon the same factors as described in the instant complaint, and received a right-to-sue letter. He did not provide copies of any EEOC documents, but he did provide a copy of a January 22, 2021 Final Order from the U.S. Department of Transportation. In the Final Order, the Agency advised it was accepting and fully implementing the decision of the Administrative Judge following a hearing on plaintiff's EEOC complaint, and advised plaintiff he had ninety days within which to bring a claim in federal court. Plaintiff filed the instant complaint in this Court on April 19, 2021. It therefore appears the complaint is timely, and that plaintiff exhausted his claims at the administrative level before initiating this action.

    Plaintiff clearly sets forth the allegations in support of his claims in a detailed seven-page attachment included with the complaint. In numbered paragraphs, plaintiff describes numerous instances in which he was subjected to various forms of employment discrimination on the basis of his race, religion, and/or national origin. However, with the exception of placing a check mark to indicate an intent to claim age discrimination, plaintiff does not allege he suffered discrimination on that basis.

    Plaintiff also placed a check mark to indicate an intent to claim disability discrimination. In an apparent attempt to support such a claim, plaintiff alleges he requested an "alternate position

under ADA," and was asked to provide an "FAA medical." After learning it would take over six months to obtain the required medical reports, plaintiff asked one "Mr. Sadowski" to reassign him "to a job function where [plaintiff] would not need an airmen Medical. This was from the same Article 66 under the American Disabilities Act. Reasonable accommodations." Mr. Sadowski then told plaintiff to provide medical documentation identifying his disability and explaining what functions plaintiff could not perform, and plaintiff provided such letter. The letter explained that plaintiff was "able to do all the job functions required for FAA inspector to perform." Plaintiff writes: "Due to the requirement for operations inspector to have a FAA medical certificate, which I cannot get till I get cleared for diabetes and kidneys. Instead of getting any response I was given a Memo of removal from Federal service on April 7, 2019." However, nowhere in the complaint does plaintiff actually allege he was disabled.

## Discussion

The Court has thoroughly reviewed and liberally construed the complaint, and concludes it adequately states plausible Title VII claims. However, while plaintiff placed a check mark to indicate an intent to bring claims under the ADEA, the complaint fails to state a plausible ADEA claim. The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005).  Generally, in order to establish a *prima facie* case under the ADEA, a plaintiff must demonstrate he is a member of the protected class (over 40 years of age); he was qualified for the position; he suffered an adverse employment action; and similarly-situated employees outside the class were treated more favorably.  *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010) (internal citation omitted).

4

Here, while plaintiff includes his birth date to indicate he is over forty and can be understood to allege he was appropriately qualified, he makes no attempt to demonstrate he suffered discrimination on the basis of his age. Simply placing a check mark does not sufficiently state a plausible ADEA claim. As a result, plaintiff's ADEA claims are subject to dismissal for failure to state a claim upon which relief may be granted.

Plaintiff also placed a check mark to indicate an intent to bring claims under the ADA. As an initial matter, the Court notes that plaintiff, as former federal employee, must bring claims of disability discrimination under the Rehabilitation Act of 1973 ("RA"), not under the ADA. *See* 42 U.S.C. § 12111(5)(B)(i); *see also Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (the RA is "the sole remedy for federal employees claiming disability discrimination"); *Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (The RA applies to federal agencies while the ADA applies to private employers with over 15 employees and to state and local governments). However, that does not affect the legal analysis or the scope of remedy available to plaintiff for a claim premised upon disability discrimination. *Calero–Cerezo*, 355 F.3d at 12 n. 1 & 19.

The RA addresses different types of discrimination, including the wrongful denial of reasonable accommodations, which is what plaintiff herein apparently intends to claim. However, while plaintiff alleges sufficient facts to show he was denied accommodations, he does not allege he had any particular disability, as necessary to state a valid RA claim. *See Peebles v. Potter,* 354 F.3d 761, 765-66 (8th Cir. 2004). As a result, his claim of disability discrimination is subject to dismissal for failure to state a claim upon which relief may be granted.

Rather than partially dismiss the complaint at this time, the Court will give plaintiff the opportunity to file an amended complaint to clarify the claims he wishes to raise in this action. If plaintiff wishes to claim he suffered employment discrimination on the basis of his age and/or a

5

disability, he must clearly allege sufficient facts in support of such claims. Simply placing check marks on the form complaint is insufficient to state plausible claims for relief.

If plaintiff chooses to file an amended complaint, and he wishes to continue to assert the same Title VII claims he asserts in the original complaint, he must reassert those Title VII claims and all of the supporting facts in the amended complaint. This is because the amended complaint will completely replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Plaintiff must type or neatly print the amended complaint on a court-provided form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff will have twenty-one (21) days to file an amended complaint, should he wish to do so. If plaintiff files an amended complaint, it will be subject to initial review in accordance with 28 U.S.C. § 1915(e)(2), as explained above. If plaintiff does not file an amended complaint within that time, this action will proceed upon plaintiff's original complaint. This means that the Court will dismiss the ADEA and ADA claims from the original complaint pursuant to 28 U.S.C. §

1915(e)(2), and will direct that the defendant be served with process and respond to the Title VII claims plaintiff asserts in the original complaint.

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record now before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the defendant has not been served with process and discovery has not begun, so there is no conflicting testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 5, 2021**, twenty-one (21) days from the date of this Memorandum and Order, to file an amended complaint in accordance with the instructions herein, and that if plaintiff chooses to not file an amended complaint within that time, this action will proceed upon plaintiff's original complaint as explained herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Employment Discrimination Complaint form.

                                                       NANNETTE A. BAKER
                                                       UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of June, 2021.